UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUMBERMENS MUTUAL CASUALTY            Index No.: 08 CV 01316
COMPANY,

              *Plaintiff*,                **ANSWER AND**
                                           **COUNTERCLAIMS**

        -against-

RGIS INVENTORY SPECIALISTS, LLC,
CAMRAC INC. d/b/a ENTERPRISE RENT-A-CAR
and ROBERT M. BIRARDI,

              *Defendants.*
------------------------------------------------------------------X

       Defendants-Counterclaimants RGIS, LLC ("RGIS"), sued herein as RGIS Inventory Specialists, LLC, and Robert M. Birardi ("Birardi"), by their attorneys Dickstein Shapiro LLP, as and for their Answer to the Declaratory Judgment Complaint (the "Complaint") of Lumbermens Mutual Casualty Company ("LMC" or "Plaintiff/Counterclaim Defendant") and for their Counterclaims against LMC, respectfully allege as follows:

## ANSWER

    1.    Answering the allegations set forth in Paragraph 1 of the Complaint, admit, on information and belief, that LMC is a corporation organized under the laws of the State of Illinois with its principal place of in that state, and that LMC and the Kemper Insurance Companies with which it is affiliated (collectively, "Kemper") are and were at all relevant times engaged in selling, underwriting and providing insurance to customers and that at all relevant times they were licensed to and did conduct insurance business throughout the United States, including in the State of Michigan.  RGIS and Birardi are without knowledge or information sufficient to form a belief as to the truth of any remaining the allegations contained in Paragraph 1 of the Complaint.

2. Deny that RGIS is a corporation, admit that RGIS is a limited liability company organized under the laws of the State of Delaware, and admit the remaining allegations in Paragraph 2 of the Complaint.

3. Answering the allegations set forth in Paragraph 3 of the Complaint, admit that Camrac Inc., d/b/a Enterprise Rent-A-Car ("Camrac") is engaged in the car rental business and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint.

4. Answering the allegations set forth in Paragraph 4 of the Complaint, admit that Birardi resides in and is a citizen of the State of Connecticut. To the extent any remaining allegation of Paragraph 4 of the Complaint states a conclusion of law, no responsive pleading is required.

5. To the extent that Paragraph 5 of the Complaint states conclusions of law, no responsive pleading is required. With respect to any remaining allegations contained in Paragraph 5 of the Complaint, admit that in their Counterclaims, infra, RGIS and Birardi seek, and LMC purports to seek, a declaratory judgment concerning, inter alia, the rights and legal relations of the parties pursuant to, among other provisions, 28 U.S.C. §2201.

6. To the extent that the allegations set forth in Paragraph 6 of the Complaint state conclusions of law, no responsive pleading is required. Any remaining allegations set forth in Paragraph 6 of the Complaint are admitted.

7. Answering the allegations set forth in Paragraph 7 of the Complaint, admit that RGIS lawfully provides inventory services to businesses in New York, advertises in New York, and maintains offices in New York. The remaining allegations of Paragraph 7 of the Complaint state conclusions of law to which no responsive pleading is required.

8. To the extent the allegations of Paragraph 8 of the Complaint state conclusions of law, no responsive pleading is required. Any remaining allegations contained in Paragraph 8 of the Complaint are denied.

9. Admit that Birardi, Camrac and RGIS have made claims for coverage under the Excess Commercial Catastrophe Liability policy, number 9SX 130016-03, issued by LMC to RGIS as named insured (the "LMC Policy"). To the extent the remaining allegations of Paragraph 9 of the Complaint state conclusions of law, no responsive pleading is required; all remaining allegations contained in Paragraph 9 of the Complaint are denied.

10. RGIS and Birardi are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11. To the extent the allegations of Paragraph 11 of the Complaint state conclusions of law, no responsive pleading is required. Any remaining allegations of Paragraph 11 of the Complaint are denied.

12. To the extent the allegations of Paragraph 12 of the Complaint state conclusions of law, no responsive pleading is required. Any remaining allegations contained in Paragraph 12 of the Complaint are denied.

13. To the extent the allegations of Paragraph 13 of the Complaint state conclusions of law, no responsive pleading is required. With respect to any remaining allegations contained in Paragraph 13 of the Complaint, admit that the civil action entitled *David Shore as Conservator for Robert Shore v. Robert M. Birardi, CAMRAC Inc. (Also Known as Enterprise Rental) and RGIS Inventory Specialists*, Docket Number CV 054003924, brought in Connecticut Superior Court, Judicial District of Waterbury in or about February 2005 (the "Shore Action" or "Underlying Action"), purported to seek recovery for injuries Robert Shore allegedly sustained

when he was struck by a motor vehicle, and that the current action and RGIS's and Birardi's Counterclaims herein concern insurance coverage in connection therewith. To the extent the allegations set forth in Paragraph 13 of the Complaint purport to characterize the <u>Shore</u> Action, reference is made to the Complaint therein (the "<u>Shore</u> Complaint").

14. Answering the allegations set forth in Paragraph 14 of the Complaint, admit that the <u>Shore</u> Action was commenced in Connecticut Superior Court, Judicial District of Waterbury in or about February 2005. No responsive pleading is required with respect to the remaining allegations set forth in Paragraph 14 of the Complaint, which purport to characterize the allegations of the <u>Shore</u> Complaint, which speaks for itself.

15. To the extent the allegations set forth in Paragraph 15 of the Complaint purport to recount the allegations of the <u>Shore</u> Complaint, the <u>Shore</u> Complaint speaks for itself and therefore no responsive pleading is required.

16. Deny that "[t]he damages trial has not been completed" in the <u>Shore</u> Action, and admit the remaining allegations set forth in Paragraph 16 of the Complaint.

17. Admit the allegations set forth in Paragraph 17 of the Complaint.

18. Deny that Paragraph 18 of the Complaint accurately quotes the referenced insurance policy, and refer to that document for its full contents.

19. Admit the allegations set forth in Paragraph 19 of the Complaint.

20. Admit the allegations set forth in Paragraph 20 of the Complaint.

21. To the extent the allegations of Paragraph 21 of the Complaint state conclusions of law, no responsive pleading is required. Any remaining allegations contained in Paragraph 21 of the Complaint are denied.

22. Deny that Paragraph 22 of the Complaint accurately quotes from the referenced insurance policy, but admit that the referenced insurance policy provides the coverage described, and refer to that insurance policy for its full contents. Any remaining allegations set forth in Paragraph 22 of the Complaint state conclusions of law, to which no responsive pleading is required.

23. To the extent the allegations set forth in Paragraph 23 of the Complaint state conclusions of law, no responsive pleading is required. With respect to any remaining allegations set forth in Paragraph 23 of the Complaint, deny that said paragraph accurately quotes from the referenced insurance policy, and refer to that insurance policy for its full contents.

24. Admit the allegations set forth in Paragraph 24 of the Complaint.

25. To the extent the allegations set forth in Paragraph 25 of the Complaint state conclusions of law, no responsive pleading is required. Any remaining allegations set forth in Paragraph 25 of the Complaint are denied, except admit that RGIS and Birardi were aware that Robert Shore had suffered injury.

26. To the extent the allegations set forth in Paragraph 26 of the Complaint state conclusions of law, no responsive pleading is required. With respect to any remaining allegations set forth in Paragraph 26 of the Complaint, admit that in or about June 2005, defense counsel in the Shore Action advised RGIS's third party administrator, Gallagher-Bassett Services, Inc. ("Gallagher-Bassett") that any claim for Robert Shore's injuries would likely be precluded by Connecticut's modified contributory fault law.

27. Admit that the document referenced in Paragraph 27 of the Complaint, which document speaks for itself, was tendered by counsel for Shore in the Underlying Action to

defense counsel in that Action, and forwarded to Gallagher-Bassett in or about June 2005 and purported to assert that Robert Shore's future medical and rehabilitation costs would total $3,706,132.  Any remaining allegations set forth in Paragraph 27 of the Complaint state conclusions of law to which no responsive pleading is required.

28.     To the extent the allegations set forth in Paragraph 28 of the Complaint state conclusions of law, no responsive pleading is required.  With respect to the remaining allegations set forth in Paragraph 28 of the Complaint, admit that prior to notification to LMC, a mediation was conducted in the Shore Action on or about June 21, 2007, that Shore's initial demand was $9.5 million, that RGIS made a counter offer of $50,000, that Shore responded by reducing his demand to $7.5 million, and that RGIS then made a counter offer of $100,000.  RGIS and Birardi further admit that thereafter, on or about January 14, 2008, LMC was notified that jury selection in the Shore Action was scheduled to commence on or about January 15, 2008 and was invited to participate in the defense and resolution of the Shore Action but declined to do so, that following the jury verdict on liability on January 30, 2008, the plaintiff's demand increased to $16 million, and that thereafter and prior to the jury's damages verdict, plaintiff was made a settlement offer of $6 million, which was declined.  Any remaining allegations contained in Paragraph 28 of the Complaint are denied.

29.     Admit the allegations set forth in Paragraph 29 of the Complaint.

30.     Answering the allegations set forth in Paragraph 30 of the Complaint, admit that prior to the commencement of jury selection in the Shore Action, notice of the Shore Action and of the underlying accident was provided to LMC on RGIS's and Birardi's behalf by Gallagher-Bassett, and are without knowledge or information sufficient to form a belief as to whether or not

LMC had earlier learned of the <u>Shore</u> Action or of the underlying accident. Any remaining allegations set forth in Paragraph 30 of the Complaint are denied.

 31. Deny the allegations set forth in Paragraph 31 of the Complaint.

 32. To the extent that the allegations set forth in Paragraph 32 of the Complaint state conclusions of law, no responsive pleading is required. Any remaining allegations set forth in Paragraph 32 of the Complaint are denied.

 33. Repeat, reiterate and reallege each and every response to the allegations contained in Paragraphs 1 through and including Paragraph 33 of the Complaint with the same force and effect as if fully set forth herein.

 34. Answering the allegations set forth in Paragraph 34 of the Complaint, admit that on April 8, 2003, RGIS and Birardi were aware of the underlying accident and that Robert Shore had been injured, and that after efforts to resolve the matter had been fruitless, on January 14, 2008, prior to the commencement of jury selection, notice of the <u>Shore</u> Action and of the underlying accident was provided to LMC on behalf of RGIS and Birardi. Any remaining allegations set forth in Paragraph 34 of the Complaint are denied.

 35. Answering the allegations of Paragraph 35 of the Complaint, admit that said Paragraph accurately quotes from the referenced insurance policy and, and refer to that insurance policy for its full contents. The remaining allegations contained in Paragraph 35 of the Complaint state conclusions of law to which no responsive pleading is required.

 36. To the extent that Paragraph 36 of the Complaint states conclusions of law, no responsive pleading is required. Any remaining allegation contained in Paragraph 36 of the Complaint is denied.

37. To the extent that Paragraph 37 of the Complaint states conclusions of law, no responsive pleading is required. Any remaining allegation contained in Paragraph 37 of the Complaint is denied.

38. To the extent that Paragraph 38 of the Complaint states conclusions of law, no responsive pleading is required. Any remaining allegation contained in Paragraph 38 of the Complaint is denied.

39. To the extent that Paragraph 39 of the Complaint states conclusions of law, no responsive pleading is required. Any remaining allegation contained in Paragraph 39 of the Complaint is denied.

40. To the extent that Paragraph 40 of the Complaint states conclusions of law, no responsive pleading is required. Any remaining allegation contained in Paragraph 40 of the Complaint is denied.

**SPECIAL DEFENSES**

FIRST SPECIAL DEFENSE

41. The Complaint fails to state a claim upon which relief may be granted.

SECOND SPECIAL DEFENSE

42. This Court is without subject-matter jurisdiction over the claims alleged in the Complaint.

THIRD SPECIAL DEFENSE

43. This Court lacks personal jurisdiction over defendants.

FOURTH SPECIAL DEFENSE

44. LMC has brought this action in an improper venue.

## FIFTH SPECIAL DEFENSE

45. Service of process upon RGIS and Birardi was insufficient.

## SIXTH SPECIAL DEFENSE

46. LMC's claims are barred in whole or in part because it has materially breached the terms of the LMC Policy and has failed to comply with and/or to perform conditions precedent to a denial of coverage.

## SEVENTH SPECIAL DEFENSE

47. LMC's claims are barred in whole or in part because the claims at issue are within the terms of coverage provided by the LMC Policy and not excluded therefrom.

## EIGHTH SPECIAL DEFENSE

48. LMC's claims are barred in whole or in part because LMC would be unjustly enriched by the issuance of a declaration that LMC has no coverage obligation to RGIS and Birardi for the claims at issue.

## NINTH SPECIAL DEFENSE

49. RGIS and Birardi reserve the right to amend and/or add additional or different defenses that become known to it through discovery or otherwise.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants-Counterclaimants RGIS, LLC and Robert M. Birardi respectfully request that this Court issue a judgment dismissing LMC's Complaint, declaring that RGIS and Birardi are entitled to coverage under the LMC Policy, and granting all other relief that the Court deems necessary and proper.

## COUNTERCLAIM OF RGIS, LLC AND ROBERT M. BIRARDI

Defendants-Counterclaimants RGIS, LLC and Robert Birardi, as and for their Counterclaims against LMC, allege the following:

1. RGIS and Birardi repeat and reallege their foregoing answers to each and every allegation of the Complaint with the same force and effect as if fully set forth herein.

### Nature of the Counterclaim

2. By this Counterclaim, RGIS and Birardi seek a declaratory judgment that they are entitled to coverage under LMC Policy 9SX 130016-03 (the "LMC Policy") for the <u>Shore</u> Action and for each and every claim set forth therein or associated therewith and for such damages, costs, expenses or losses they, or each of them, may incur in connection therewith in excess of the limit afforded by underlying coverage therefor.

### The Parties

3. RGIS is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Michigan.

4. Robert M. Birardi is, and at all times relevant to this action, has been, an individual domiciled in the State of Connecticut.

5. Upon information and belief, Camrac is a Delaware Corporation with its principal place of business in the State of Connecticut.

6. Upon information and belief, LMC is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in that State.

**Jurisdiction**

7.      The Court's jurisdiction over the subject matter of this Counterclaim is predicated on 28 U.S.C. § 1332 in that this is a civil action in which the amount in controversy exceeds the sum or value of $75,0000, exclusive of interest and costs, and is between citizens of different states.  Further, to extent the Court has jurisdiction over the subject matter of the Complaint, the Court has pendent jurisdiction over this Counterclaim.

**The Policies**

8.      United States Fidelity & Guaranty Company ("US F&G") issued to RGIS a Business Automobile Liability Policy, policy number D002A00086 (the "Primary Policy") which, inter alia, provides liability coverage to RGIS and its employees and requires US F&G to pay "all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'"  As defined in the Primary Policy, a "covered 'auto'" includes any "land motor vehicle . . . designed for travel on public roads."  The Primary Policy provides that RGIS is an "insured" "for any covered 'auto'", and that "insureds" also include "[a]nyone else while using with [RGIS's] permission a covered 'auto' [RGIS] own[s], hire[s] or borrow[s] . . ."].  The Primary Policy gives US F&G the right and requires it "to defend any 'insured' against a 'suit' asking for [covered] damages," and provides up to $2,000,000 in coverage for occurrences during the period from October 1, 2002 through October 1, 2003, and was in effect on April 8, 2003.

9.      LMC issued Excess Commercial Catastrophe Liability Policy, policy number 9SX 130016-03 ("the LMC Policy") to RGIS as the named insured for the period October 1, 2002

through October 1, 2003. The LMC Policy remained in effect until June 26, 2003, and was in effect on April 8, 2003.

10. The LMC Policy was delivered to RGIS at its offices in the State of Michigan.

11. At all relevant times, premiums for the LMC Policy were paid by RGIS in Michigan.

12. At all relevant times, RGIS's insurance program, including the LMC Policy, has been administered in Michigan.

13. At the time the LMC Policy was sought and obtained, RGIS's relationship with its insurance broker was seated in the State of Michigan.

14. In 2002, RGIS's insurance broker for purposes of placing and purchasing the world-wide liability insurance program of which the LMC Policy was an integral part, as well as the LMC Policy itself, was the Detroit, Michigan office of Marsh USA Inc. ("Marsh"), a national insurance broker licensed to provide insurance brokerage services in the State of Michigan and maintaining offices in that State. The LMC Policy also insures, inter alia, RGIS employees for acts within the scope of their employment, or acts that occur while they are performing duties related to the conduct of RGIS's business.

15. The LMC Policy provides $25,000,000 per occurrence in coverage for "those sums that the Insured becomes legally obligated to pay as damages that would have been payable under the terms of the 'underlying insurance' because of 'bodily injury,' 'property damage,' 'personal injury' or 'advertising injury'" in excess of the $2,000,000 limits of the Primary Policy.

16. Pursuant to the terms of the LMC Policy, LMC has a duty to pay the insureds' defense and indemnity costs in excess of the Primary Policy in connection with any "occurrence."

17. An "occurrence," as defined in the LMC Policy, includes an automobile accident. Additionally, by its terms, the LMC Policy applies to any "occurrence" that "happens during the policy period."

### The Underlying Claim and Lawsuit and Related Circumstances

18. The Shore Action arose out of an automobile accident involving Robert Shore, who, in the dark, pre-dawn early morning hours of April 8, 2003, was walking west in the center of the eastbound side of Middlebury Road (Route 64) in Middlebury, Connecticut when he was struck by a minivan owned by Camrac, and operated by Birardi, a RGIS employee acting within the scope of his employment.

19. RGIS notified its third-party insurance administrator, Gallagher-Bassett, and US F&G of the accident, and Gallagher-Basset and US F&G conducted investigations of the accident.

20. On or about February 17, 2005, the Shore Action was commenced by David Shore, Robert Shore's conservator, seeking damages against RGIS, Birardi and Camrac and alleging that one or more of those parties were liable for Robert Shore's injuries.

21. On RGIS's behalf, Gallagher-Bassett tendered the defense of the matter to US F&G. US F&G undertook the defense of the Shore Action on behalf of RGIS and Birardi.

22. A mediation was conducted in the Shore Action on or about June 21, 2007. Gallagher-Bassett and US F&G, along with counsel for the defendants in that matter, attended the mediation on behalf of RGIS and Birardi. At the mediation, Shore initially demanded $9.5

million, and defendants made a counter offer of $50,000; Shore responded by reducing his demand to $7.5 million, and RGIS responded with a counter offer of $100,000, which was declined.

23.     Settlement negotiations continued thereafter.  On or about January 14, 2008, after these further settlement negotiations had proved unsuccessful and it appeared that the Shore Action would be proceeding to jury selection, LMC was notified by Gallagher-Bassett, on behalf of RGIS and Birardi that jury selection in the Shore Action was scheduled to commence on or about January 15, 2008.  LMC was invited to participate in the defense of the Shore Action. LMC declined to do so.

24.     On January 30, 2008, following the completion of the liability phase of the trial, the jury returned its verdict, allocating to defendants 100% of the liability for Robert Shore's injuries.

25.     Further efforts to resolve the matter prior to the jury's damages verdict were unsuccessful.  On February 13, following the conclusion of the damages phase of the trial, the jury returned its verdict in the gross amount of $11,131,539.85 ($4,281,539.85 for economic damages plus $6,850,000.00 for non-economic damages).  To date, post-trial motions filed by the defendants in the Shore Action remain *sub judice* and no judgment has been entered in that action.

26.     Unless the jury's award of damages in the Shore Action is reduced to $2,000,000 or less or vacated by the trial court, or the trial court's judgment is reversed or vacated on appeal, RGIS and Birardi will be legally obligated to pay as damages because of personal injury in excess of the limit of underlying coverage.

27. RGIS and Birardi have complied with all conditions precedent to and all requirements for coverage under the LMC Policy.

28. Notwithstanding the foregoing, on or about January 23, 2008, LMC summarily and wrongfully disclaimed coverage under the LMC Policy, contending that RGIS and Birardi had not provided timely notice under the LMC Policy.

**LMC's Refusal To Acknowledge Coverage for the Shore Action Indemnity Costs**

29. The <u>Shore</u> Action is an action for damages for bodily injury allegedly attributable to an accident, arising out of the use of an automobile, that happened during the policy period of the LMC policy, and is therefore covered by the LMC Policy.

30. RGIS and Birardi are insureds under the LMC Policy.

31. RGIS paid all required premiums in exchange for coverage under the LMC Policy during the policy period, and have otherwise complied with all conditions precedent to and requirements for coverage under the LMC Policy.

32. RGIS and Birardi are entitled to all the rights and benefits provided by the LMC Policy, including without limitation the right to have their defense and indemnity costs in excess of the Primary Policy paid by LMC.

33. LMC has suffered no prejudice in connection with the handling and defense of the <u>Shore</u> Action.

34. LMC has wrongfully failed to acknowledge and honor its coverage obligations under the LMC Policy.

## CAUSE OF ACTION

### (For a Declaration of Insurance Coverage for the Shore Action)

35.     RGIS and Birardi repeat and reallege the allegations set forth in paragraphs 1 through 34 of their Counterclaims as if fully set forth herein.

36.     This is a cause of action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. RGIS and Birardi seek a judicial determination of the right of RGIS and Birardi to receive, and the corresponding obligation of LMC to provide, coverage under the LMC Policy.

37.     The LMC Policy provides RGIS and Birardi with excess insurance coverage for damages because of bodily injury occurring during the policy period of the LMC Policy, including damages in connection with the Shore Action.

38.     LMC is obligated under the LMC Policy to pay such amounts as may be incurred by RGIS and Birardi for defense and indemnity attributable to the Shore Action in excess of the Primary Policy limits.

39.     LMC has refused to accept its legal obligations to pay in full RGIS's and Birardi's defense expenditures and indemnity expenses attributable to the Shore Action that are in excess of the Primary Policy limits and has expressly declined to provide coverage therefor.

40.     As a result of the foregoing, an actual and justiciable controversy presently exists between RGIS and Birardi on the one hand, and LMC on the other, regarding LMC's obligation to pay RGIS's and Birardi's defense expenditures and indemnity expenses attributable to the Shore Action that are in excess of the Primary Policy limits.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants-Counterclaimants RGIS, LLC and Robert M. Birardi respectfully request that this Court enter a judgment in favor of RGIS and Birardi and against LMC:

1. Declaring that LMC is obligated under the LMC Policy to pay such amounts as may be incurred by RGIS and Birardi for defense and indemnity attributable to the <u>Shore</u> Action in excess of the Primary Policy limits, and up to the full limits of the LMC Policy;

2. Awarding RGIS and Birardi all costs incurred in bringing RGIS's and Birardi's Counterclaims, including attorneys' fees; and

3. Awarding RGIS and Birardi such other, further and different relief as this Court may deem just and proper in the circumstances.


Dated: New York, New York
April 11, 2008

                        Respectfully submitted

                        Dickstein Shapiro LLP
                        Attorneys for Defendants-Counterclaimants
                        RGIS, LLC and Robert M. Birardi

By:    s/ Sanford N. Berland_____
       Sanford N. Berland (SB5425)
       1177 Avenue of the Americas
       New York, NY 10036-2714
       Tel: (212) 277-6708
       Fax: (917) 591-0941