```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LUMBERMENS MUTUAL CASUALTY COMPANY,
                                                    ANSWER
                                              WITH COUNTERCLAIM
                         Plaintiffs,            08-CV-01316

        -against-
                                                Jury Demanded
RGIS INVENTORY SPECIALISTS, LLC,
CAMRAC, INC., d/b/a ENTERPRISE RENT-
A-CAR and ROBERT M. BIRARDI,

                         Defendants.
-----------------------------------------------------------X
```

Defendant, CAMRAC, INC., d/b/a ENTERPRISE RENT-A-CAR, by its attorneys, BRAND & GLICK BRAND, P.C., answering the Complaint of the plaintiffs, alleges as follows:

### PARTIES

FIRST:   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated "1", "2", and "4".

SECOND:   Admits allegations contained in the paragraph of the complaint designated "3".

### JURISDICTION

THIRD:   Admits allegations contained in the paragraphs of the complaint designated "5" and "6".

FOURTH:   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the complaint designated "7".

FIFTH:   Denies each and every allegation contained in the

paragraphs of the complaint designated "8", "10" and "11".

SIXTH: Admits that defendants made a claim for coverage under the plaintiff's insurance policy but denies allegation contained in the complaint's paragraph "9", stating that such policy was "negotiated, underwritten , issued and delivered in New York".

## VENUE

SEVENTH: Denies each and every allegation contained in the paragraphs of the complaint designated in the paragraph "12" and refers all questions of law to this court.

## THE UNDERLYING ACTION

EIGHTH: Admits allegations contained in the paragraphs of the complaint designated "13".

NINTH: Denies each and every allegation contained in the paragraphs of the complaint designated in the paragraphs "14", "15" and "16" and refers all questions of law to this court.

## RGIS'S PRIMARY INSURANCE POLICY

TENTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the complaint designated "17", "18" and "19".

## RGIS'S EXCESS INSURANCE POLICY

ELEVENTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the complaint designated "20" except admits that the plaintiff did provide RGIS with applicable insurance coverage.

TWELFTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the complaint designated "21" except denies the allegation that the plaintiff's policy was delivered, underwritten, negotiated in New York.

THIRTEENTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the complaint designated "22" except admits that the plaintiff did provide RGIS with applicable insurance coverage.

FOURTEENTH: Denies each and every allegation contained in the paragraphs of the complaint designated in the paragraphs "23" and refers all questions of law to this court.

FIFTEENTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the complaint designated "24" except denies that CAMRAC was "cognizant" of the occurrence giving rise to the Shore Action on April 8, 2003.

SIXTEENTH: Denies each and every allegation contained in the paragraphs of the complaint designated in the paragraphs "25", "26", "27", "28", "29", 30", "31" and "32".

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

SEVENTEENTH: Defendant repeats, reiterates and realleges each and every denial in answer to the paragraphs designated "1" through "32" as if more fully set forth in answer to the paragraph designated "33" of the complaint and each and every

part thereof.

EIGHTEENTH: Denies each and every allegation contained in the paragraphs of the complaint designated in the paragraphs "34", "36", "37", 38", "39" and "40".

NINETEENTH: Denies each and every allegation contained in the paragraphs of the complaint designated in the paragraphs "35" and refers all questions of law to this court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTIETH: Connecticut and Michigan law should be applied.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY FIRST: The plaintiff was not materially prejudiced by the lack of notice.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY SECOND: The plaintiff was given a timely notice of the occurrence and suit under the terms of its policy.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY THIRD: The plaintiff failed to disclaim the coverage for the reason of allegedly late notice in a timely and proper manner.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTY FOURTH: The plaintiff's alleged disclaimer of coverage is not enforceable against defendant CAMRAC.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWENTY FIFTH: The plaintiff failed to join all necessary parties.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTY SIXTH: Plaintiffs failed to state a cause of action against answering defendants.

### AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

TWENTY SIXTH: The defendants did not have a reasonable belief that the plaintiff's excess coverage will be triggered.

### AS AND FOR A COUNTERCLAIM AGAINST THE PLAINTIFF

TWENTY EIGHTH: On or about April 8, 2003, at the time of the underlying accident, the plaintiff at bar had in effect an excess commercial catastrophic liability insurance policy, No. 9SX130016-03, effective October 1, 2002 to October 1, 2003, issued to defendant RGIS Inventory Specialists, LLC, which was applicable to the subject loss.

TWENTY NINTH: Under the terms of said policy, the plaintiff at bar was obligated to defend and indemnify its insured, defendants herein, RGIS Inventory Specialists, LLC, CAMRAC, INC., and Robert M. Birardi, for any loss arising from underlying accident.

THIRTIETH: As a result of April 8, 2003 accident, Robert Shore sustained alleged injuries and brought a lawsuit against the defendants at bar, Lumbermens' insureds, in the Connecticut Superior State Court, styled as <u>David Shore vs. Birardi et al</u>, Index No. CV 054003924.

THIRTY FIRST: The plaintiff, Lumbermens, was provided with a timely notice of the claim as soon as it became reasonably known,

based upon a reasonable evaluation of the liability and damages issues, that Lumbermens' excess insurance coverage may be triggered.

THIRTY SECOND: The plaintiff, Lumbermens, failed to issue a timely disclaimer to each of its insureds and affected parties, waiving any objections of a timely notice.

THIRTY THIRD: The defendants at bar are entitled to indemnification for any loss sustained by the underlying lawsuit brought by Robert Shore, pursuant to Lumbermens' excess policy's terms and conditions.

THIRTY FOURTH: Plaintiff Lumbermens wrongfully denied/disclaimed the coverage available to the subject loss stemming from the April 8, 2003 accident and Robert Shore's lawsuit, pursuant to Lumbermens' excess policy's terms and conditions.

THIRTY FIFTH: The defendant at bar has no adequate remedy at law than to seek a declaratory judgement.

THIRTY SIXTH: There is a justifiable controversy among the parties concerning the rights and obligations of the plaintiffs and the defendants under the insurance contracts mentioned herein. Accordingly, this Court may enter a declaratory judgement adjudging and declaring the rights and relations of the parties under the contract of insurance.

THIRTY SEVENTH: That, by reason of the foregoing, the defendants at bar, including CAMRAC, are entitled to full

indemnification from and judgement over and against plaintiff at bar, Lumbermens, for any and all parts of any verdict or judgement which may be given to any party in the underlying personal injury action and which is covered by the applicable Lumbermens' excess policy, including any and all attorneys' fees, investigation costs, disbursements and expenses incurred as a result of this lawsuit.

WHEREFORE, the defendant demands that the following relief be granted in their favor:

1. A judgement dismissing the plaintiff's declaratory judgement action and determination that Lumbermens Mutual Casualty Company must indemnify the defendants in the underlying Connecticut action brought against the defendants named above in the pending action for personal injuries sustained by Robert Shore on or about April 8, 2003, March 11, 2002, according to said Lumbersmen's excess commercial catastrophic Liability Insurance Policy No. PSX130016-03, issued to defendant RGIS Inventory Specialists, LLC, in effect at said time.

2. A judgment on the defendant's counterclaim declaring that Lumbermens Mutual Casualty Company must indemnify the defendants in the underlying Connecticut action brought against the defendants named above in the pending action for personal injuries sustained by Robert Shore on or about April 8, 2003, March 11, 2002, according to said Lumbersmen's excess commercial catastrophic Liability Insurance Policy No. PSX130016-03, issued

to defendant RGIS Inventory Specialists, LLC, in effect at said time.

3. Interest, the cost and disbursement of this action, together with such other and further relief as this Court deems proper, including punitive damages and statutorily mandated damages, if applicable and deemed appropriate by the Court under the circumstances.

Dated:   Garden City, New York
         April 11, 2008

                          BRAND GLICK & BRAND
                          By: _____
                          PETER M. KHRINENKO (PK-9407)
                          Attorneys for Defendants CAMRAC
                          600 Old Country Road
                          Garden City, New York  11530
                          (516) 746-3500

TO:

Havkin, Rosenfield, Ritzert & Varriale, LLP
11 Penn Plaza, Ste. 2101
New York, NY 10001

Robert M. Birardi
22 Woods Way
Woodbury, CT 06798

RGIS Investory Specialists, LLC
2000 E. Taylor Rd.
Auburn Hills, MI 48328

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK  )
                                    ss.:
COUNTY OF NASSAU )

**ENID VELAZQUEZ**, being duly sworn, deposes and says:

Deponent is not a party to this action, is over 18 years of age and resides at Brooklyn, New York.

That on the 24th day of April, 2008, deponent served the within: **RULE 7.1 DISCLOSURE and ANSWER WITH CROSS CLAIM**

upon:

Havkin, Rosenfield, Ritzert & Varriale, LLP
11 Penn Plaza, Suite 2101
New York, New York 10001

Robert M. Birardi
Defendant Pro Se
22 Woods Way
Woodbury, CT 06798

RGIS Investory Specialists, LLC
Defendant Pro Se
2000 E. Taylor Road
Auburn Hills, MI 48328

the addresses designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in a post office – official depository under the exclusive care and custody of the United States Postal Service within New York State.

_____
ENID VELAZQUEZ

Sworn to before me this
24th day of April, 2008.

_____
Notary Public

YUKO A. NAKAHARA
NOTARY PUBLIC  nys
NO. 02NA6123676
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES
MARCH 14, 20 09

Docket No.: 08-CV-01316

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUMBERMENS MUTUAL CASUALTY COMPANY,

        Plaintiffs,

  -against-

RGIS INVENTORY SPECIALISTS, LLC,
CAMRAC, INC., d/b/a ENTERPRISE RENT-
A-CAR and ROBERT M. BIRARDI,

        Defendants.

---

**RULE 7.1 DISCLOSURE and ANSWER WITH CROSS CLAIM**

---

**BRAND, GLICK & BRAND, ESQS.**
Attorneys for Defendant(s)
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-3500