UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===============================================X          **Index No.:  08 CV 01316**
LUMBERMENS MUTUAL CASUALTY COMPANY,

Plaintiff,

-against-                                                **ANSWER TO
                                                                                      COUNTERCLAIMS**

RGIS INVENTORY SPECIALISTS, LLC,
CAMRAC INC. d/b/a ENTERPRISE RENT-A-CAR and
ROBERT M. BIRARDI,

Defendants.

===============================================X

  **PLEASE TAKE NOTICE**, that the plaintiff LUMBERMENS MUTUAL CASUALTY

COMPANY ("Lumbermens") by its attorneys, HAVKINS ROSENFELD RITZERT &

VARRIALE, LLP, as and for its Answer to RGIS INVENTORY SPECIALISTS, LLC ("RGIS")

and ROBERT BIRARDI'S ("Birardi") Counterclaims, state, upon information and belief, as

follows:

### AS AND FOR LUMBERMENS RESPONSE TO THE COUNTERCLAIM

1.  Admits the allegations set forth in paragraph "1" of the Counterclaim.

### AS AND FOR LUMBERMENS RESPONSE TO THE NATURE OF THE COUNTERCLAIM

2.  To the extent that paragraph "2" of the Counterclaim states conclusions of law, no

response is required.  With respect to the remaining allegations contained in paragraph "2" of the

counterclaim, Lumbermens admits that RGIS Inventory Specialists, LLC ("RGIS") and Robert

Birardi ("Birardi") purport to seek a declaratory judgment that they are entitled to coverage

under the Excess Commercial Catastrophe Liability policy, number 9SX 130016-03, issued by Lumbermens to RGIS (the "Policy").

## AS AND FOR LUMBERMENS RESPONSE TO THE PARTIES

3.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the Counterclaim.

4.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Counterclaim.

5.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Counterclaim.

6.      Admits the allegations set forth in paragraph "6" of the Counterclaim.

## AS AND FOR LUMBERMENS RESPONSE TO THE JURISDICTION

7.      To the extent that the allegations set forth in paragraph "7" of the Counterclaim states conclusions of law, no responsive pleading is required.  Any remaining allegations set forth in paragraph "7" of the Counterclaim are admitted.

## AS AND FOR LUMBERMENS RESPONSE TO THE POLICIES

8.      To the extent that paragraph "2" of the Counterclaim states conclusions of law, no response is required, the plaintiff admits allegations set forth in paragraph "8" of the Counterclaim and refer all questions of law to the Court.

9.      Admits the allegations set forth in paragraph "9" of the Counterclaim.

10.    Denies the allegations set forth in paragraph "10" of the Counterclaim.

11.    Denies the allegations set forth in paragraph "11" of the Counterclaim.

12.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Counterclaim except denies that the Lumbermens policy was delivered or that premiums were paid in the State of Michigan.

13.    Denies the allegations set forth in paragraph "13" of the Counterclaim.

14.    Denies the allegations set forth in paragraph "14" of the Counterclaim, except admits that if the notice conditions of the Policy were complied with, then it provides excess insurance to RGIS employees for acts within the scope of their employment, or acts that occur while they are performing duties related to the conduct of RGIS's business.

15.    Denies the allegations set forth in paragraph "15" of the Counterclaim except admits that the Policy may be in effect if the Policy's notification conditions were complied with.

16.    Denies the allegations set forth in paragraph "16" of the Counterclaim. Lumbermens is not obligated to pay the insured's defense pursuant to the time of the policy and further Lumbermen is not obligated to pay indemnity costs in connection with an "occurrence" if an insured fails to comply with the Policy's notice conditions.

17.    Denies the allegations set forth in paragraph "17" of the Counterclaim, except admits that an "occurrence" includes an automobile accident and refer all questions of law to the Court.

## AS AND FOR LUMBERMENS RESPONSE TO THE
## UNDERLYING CLAIM AND LAWSUIT AND RELATED CIRCUMSTANCES

18.     To the extent that the allegations set forth in paragraph "18" of the Counterclaim state conclusions of law, no responsive pleading is required.  Any remaining allegations set forth in paragraph "18" of the Counterclaim are admitted.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Counterclaim, except admits that RGIS notified United States Fidelity & Guaranty Company ("USF&G") and Gallagher-Bassett Services, Inc. ("Gallagher-Bassett"), USF&G's third-party insurance administrator, on the day of the incident, April 8, 2003.

20.     Admits the allegations set forth in paragraph "20" of the Counterclaim.

21.     Admits, on information and belief, the allegations set forth in paragraph "21" of the Counterclaim.

22.     Admits the allegations set forth in paragraph "22" of the Counterclaim. Lumbermens was not notified of the occurrence, lawsuit or mediation, and consequently, it was unable to protect its interests.

23.     Denies the allegations set forth in paragraph "23"of the Counterclaim, except admits that Lumbermens was first notified by Gallagher-Bassett of the "occurrence" and suit on the eve of jury selection, January 14, 2008, five years after the accident and three years after the commencement of the Shore action.

24.     Admits the allegations set forth in paragraph "24" of the Counterclaim.

4

25.    Admits the allegations set forth in paragraph "25" of the Counterclaim.

26.    Admits the allegations set forth in paragraph "26" of the Counterclaim.

27.    Denies the allegations set forth in paragraph "27" of the Counterclaim and refer all questions of law to the Court.

28.    Denies the allegations set forth in paragraph "28" of the Counterclaim, except admits that Lumbermens disclaimed coverage under the Policy because Gallagher-Bassett first notified it of the "occurrence" and suit on the eve of jury selection, January 14, 2008, five years after the accident, three years after the commencement of the Shore action and notice of the severity of plaintiff's injuries and damages.

## AS AND FOR LUMBERMENS RESPONSE TO LMC'S REFUSAL TO ACKNOWLEDGE COVERAGE FOR THE SHORE ACTION INDEMNITY COSTS

29.    Denies the allegations set forth in paragraph "29" of the Counterclaim, except admits that the Shore action was for bodily injury allegedly attributable to an automobile accident that occurred during the Policy period.

30.    Denies the allegation set forth in paragraph "30" of the Counterclaim as the defendants failed to comply with the Policy's notice conditions.

31.    Denies the allegations set forth in paragraph "31" of the Counterclaim.

32.    Denies the allegations set forth in paragraph "32" of the Counterclaim.

33.    Denies the allegations set forth in paragraph "33" of the Counterclaim and refer all questions of law to the Court.

34.     Denies the allegations set forth in paragraph "34" of the Counterclaim and refer all questions of law to the Court.

## AS AND FOR LUMBERMENS RESPONSE TO THE CAUSE OF ACTION

35.     Repeats, reiterates and realleges each and every response to the allegations contained in paragraph "1" through "34" of the Counterclaim with the same force and effect as if fully set forth herein.

36.     To the extent that paragraph "36" of the Counterclaim states conclusions of law, no response is required.  Admits that RGIS and Birardi purport to seek a declaratory judgment that they are entitled to coverage under the Policy.

37.     Denies the allegations set forth in paragraph "37" of the Counterclaim.

38.     Denies the allegations set forth in paragraph "38" of the Counterclaim.

39.     Denies the allegations set forth in paragraph "39" of the Counterlcaim, except admits that it properly disclaimed coverage based on RGIS's and Birardi's failure to comply with the Policy's notice conditions.

40.     Admits the allegations set forth in paragraph "40" of the Counterclaim and refer all questions of law to the Court.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

41.     The Counterclaim fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

42.     RGIS and Birardi are not entitled to coverage because they failed to comply with the Policy's notice conditions, a condition precedent to coverage.

## THIRD AFFIRMATIVE DEFENSE

43.     RGIS and Birardi are not entitled to coverage under the Policy as the Policy provided that the insureds must give notice of an occurrence, claim or suit as soon as practicable if it appeared likely that it would involve the Lumbermens Policy.   More specifically, the relevant provision of the Policy stated:

     a.     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense whenever it appears likely it will result in a claim involving this Coverage Part.  Notice should include:

          1)     How, when and where the "occurrence" or offense took place;

          2)     The names and addresses of any injured persons and witnesses; and

          3)     The nature and location of any injury or damage arising out of the "occurrence" or offense.

Notice of an "occurrence" or offense is not notice of a claim.

     b.     If a claim is made or "suit" is brought against any insured, you must:

          1)     Immediately record the specifics of the claim or "suit" and the date received; and

          2)     Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable whenever it appears likely that such claim or "suit" will involve this Coverage Part.

     c.     You and any other involved insured must:

1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit" whenever it appears likely that the claim will involve this.

## FOURTH AFFIRMATIVE DEFENSE

44.    Lumbermens issued a timely and proper disclaimer of insurance coverage letter to RGIS and Birardi.

## FIFTH AFFIRMATIVE DEFENSE

45.    Lumbermens reserves its right to amend and/or add additional or different defenses that become known to it through discovery or otherwise.

## SIXTH AFFIRMATIVE DEFENSE

46.    The rights and obligations of RGIS and Birardi are defined and controlled by the terms, conditions, exclusions and other provisions of the catastrophic insurance policy issued by Lumbermens.

## SEVENTH AFFIRMATIVE DEFENSE

47.    Plaintiff is not entitled to coverage to the extent that the claims are barred in whole or in part, by the failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

48.    That the right and obligation of Lumbermens are defined and controlled by the terms, conditions, exclusions and other provision of the catastrophic liability policy issued by Lumbermens.

WHEREFORE, plaintiff Lumbermens respectfully requests that this Court issue a judgment: dismissing RGIS's and Birardi's Counterclaim, declaring that RGIS and Birardi are not entitled to coverage under the Policy; denying RGIS and Birardi an award of the costs and attorneys' fees that they incurred in bringing the counterclaim; and granting all other relief that the Court deems necessary and proper.

Dated:  Mineola, New York
        April 30, 2008

                                    HAVKINS ROSENFELD RITZERT
                                    & VARRIALE, LLP

                                    By: _____
                                          Gail L. Ritzert, Esq. (GR6120)
                                    Attorneys for Plaintiff
                                    *LUMBERMENS MUTUAL CASUALTY*
                                    *COMPANY*
                                    114 Old Country Road, Suite 300
                                    Mineola, New York 11501
                                    File No. 03514-0143

To:

**DICKSTEIN SHAPIRO LLP**
1177 Avenue of the Americas
New York, NY 10036-2714
Attorneys for Defendants
*RGIS INVENTORY SPECIALISTS, LLC and*
*ROBERT M. BIRARDI*

**BRAND, GLICK & BRAND, P.C.**
600 Old Country Road, Suite 440
Garden City, New York 11530
Attorneys for Defendant
*CAMRAC INC. d/b/a ENTERPRISE RENT-A-*
*CAR*

01215620