UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===============================================X
LUMBERMENS MUTUAL CASUALTY COMPANY,

                              Plaintiff,

      -against-

RGIS INVENTORY SPECIALISTS, LLC,
CAMRAC INC. d/b/a ENTERPRISE RENT-A-CAR and
ROBERT M. BIRARDI,

                              Defendants.
===============================================X

Index No.: 08 CV 01316

**ANSWER TO COUNTERCLAIM**

      **PLEASE TAKE NOTICE**, that the plaintiff LUMBERMENS MUTUAL CASUALTY COMPANY ("Lumbermens") by its attorneys, HAVKINS ROSENFELD RITZERT & VARRIALE, LLP, as and for its Answer to CAMRAC INC. d/b/a ENTERPRISE RENT-A-CAR'S ("Camrac") Counterclaim, state, upon information and belief, as follows:

## ANSWER TO THE COUNTERCLAIM

      1.    Denies the allegations set forth in paragraph "28" of the Counterclaim, except admits that an Excess Commercial Catastrophic Liability Policy, bearing policy number 9SX130016-03, effective October 1, 2002 to October 1, 2003, (the "Policy") was issued to RGIS Inventory Specialists, LLC ("RGIS").

      2.    Denies the allegations set forth in paragraph "29" of the Counterclaim.

      3.    Admits the allegations set forth in paragraph "30" of the Counterclaim.

      4.    Denies the allegations set forth in paragraph "31" of the Counterclaim, except admits that Lumbermens was first notified by Gallagher-Bassett of the "occurrence" and suit on

the eve of jury selection, January 14, 2008, five years after the accident and three years after the commencement of the <u>Shore</u> action and refer all questions of law to the Court.

5. Denies the allegations set forth in paragraph "32" of the Counterclaim, except admits that Lumbermens disclaimed coverage under the Policy because Gallagher-Bassett first notified it of the "occurrence" and suit on the eve of jury selection, January 14, 2008, five years after the accident, three years after the commencement of the <u>Shore</u> action and notice of the severity of plaintiff's injuries and damages and refer all questions of law to the Court.

6. Denies the allegations set forth in paragraph "33" of the Counterclaim.

7. Denies the allegations set forth in paragraph "34" of the Counterclaim.

8. To the extent that the allegations set forth in paragraph "35" of the Counterclaim state conclusions of law, no responsive pleading is required. Any remaining allegations set forth in paragraph "35" of the Counterclaim are denied.

9. To the extent that the allegations set forth in paragraph "36" of the Counterclaim state conclusions of law, no responsive pleading is required. Any remaining allegations set forth in paragraph "36" of the Counterclaim are admitted.

10. Denies the allegations set forth in paragraph "37" of the Counterclaim and refer all questions of law to the Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

11.     The Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

12.     Camrac is not entitled to coverage because it failed to comply with the Policy's notice conditions, a condition precedent to coverage.

### THIRD AFFIRMATIVE DEFENSE

13.     Camrac is not entitled to coverage under the Policy as the Policy provided that the insureds must give notice of an occurrence, claim or suit as soon as practicable if it appeared likely that it would involve the Lumbermens Policy. More specifically, the relevant provision of the Policy stated:

> a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense whenever it appears likely it will result in a claim involving this Coverage Part. Notice should include:
>
>   1) How, when and where the "occurrence" or offense took place;
>
>   2) The names and addresses of any injured persons and witnesses; and
>
>   3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
> Notice of an "occurrence" or offense is not notice of a claim.
>
> b.  If a claim is made or "suit" is brought against any insured, you must:
>
>   1) Immediately record the specifics of the claim or "suit" and the date received; and
>
>   2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable whenever it appears likely that such claim or "suit" will involve this Coverage Part.

c. You and any other involved insured must:

1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit" whenever it appears likely that the claim will involve this.

### FOURTH AFFIRMATIVE DEFENSE

14. Lumbermens issued a timely and proper disclaimer of insurance coverage letter to Camrac.

### FIFTH AFFIRMATIVE DEFENSE

15. Lumbermens reserves its right to amend and/or add additional or different defenses that become known to it through discovery or otherwise.

### SIXTH AFFIRMATIVE DEFENSE

16. The rights and obligations of Camrac is defined and controlled by the terms, conditions, exclusions and other provisions of the catastrophic insurance policy issued by Lumbermens.

### SEVENTH AFFIRMATIVE DEFENSE

17. Plaintiff is not entitled to coverage to the extent that the claims are barred in whole or in part, by the failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

18. That the right and obligation of Lumbermens are defined and controlled by the terms, conditions, exclusions and other provision of the catastrophic liability policy issued by Lumbermens.

**WHEREFORE**, plaintiff Lumbermens respectfully requests that this Court issue a judgment: dismissing Camrac's Counterclaim, declaring that Camrac is not entitled to coverage and indemnification under the Policy; denying Camrac an award of its costs and attorneys' fees that it incurred in bringing the Counterclaim; and granting all other relief that the Court deems necessary and proper.

Dated:   Mineola, New York
         April 30, 2008

                                        HAVKINS ROSENFELD RITZERT
                                        & VARRIALE, LLP

                                        By: _____
                                            Gail L. Ritzert, Esq. (GR6120)
                                        Attorneys for Plaintiff
                                        *LUMBERMENS MUTUAL CASUALTY COMPANY*
                                        114 Old Country Road, Suite 300
                                        Mineola, New York 11501
                                        File No. 03514-0143

**To:**

**DICKSTEIN SHAPIRO LLP**
1177 Avenue of the Americas
New York, NY 10036-2714
Attorneys for Defendants
*RGIS INVENTORY SPECIALISTS, LLC and
ROBERT M. BIRARDI*

**BRAND, GLICK & BRAND, P.C.**
600 Old Country Road, Suite 440
Garden City, New York 11530
Attorneys for Defendant
*CAMRAC INC. d/b/a ENTERPRISE RENT-A-CAR*

01217524